■ TENNIS PLANNING CORP., Appellant, v PETER GEVAS, Respondent, et al., Defendant. (And a Third-Party Action.) In an action to recover moneys due on a contract, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Derounian, J.), entered June 9, 1980, as, after a nonjury trial, is in favor of defendant Peter Gevas, upon his counterclaim, in the principal sum of $23,013. Judgment modified, on the law, by reducing the judgment to the principal sum of $13,313. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The trial court found that the delay in plaintiff's completion of construction of the tennis court and retaining walls on respondent's land was caused by plaintiff and its subcontractors. Although the evidence tending to sustain it is somewhat inconclusive, it is sufficiently supported if the testimony of the witnesses for respondent is accepted as true. As such it was a matter of credibility for the trial court (see 10 Carmody-Wait 2d, NY Prac, § 70:385). Further, the evidence supports the trial court's finding that the fair cost of completion was $23,013. From this must be deducted the sum of $9,700, representing the difference between the contract price of $23,200 (as stated in the amended written contract) and the $13,500 which has already been paid by the respondent. Therefore, the net damages suffered by respondent were $13,313. We agree with the trial court's implicit holding that there was insufficient proof of a further oral agreement whereby respondent allegedly

agreed to an increase of $5,500 in the contract price for further work. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.